**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

## In Re: American Medical Systems, Inc., Pelvic Repair System Products Liability Litigation
## MDL No. 2325

**Civil Action No.** _2:13-cv-12185_

---

### SHORT FORM COMPLAINT

Come now the Plaintiff(s) named below, and for Complaint against the Defendant named below, incorporate The First Amended Master Complaint in MDL No. 2325 by reference. Plaintiff(s) further show the court as follows:

1. Female Plaintiff

   Michelle Alter

2. Plaintiff Spouse

   Michael Alter

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

   Not applicable

4. State of Residence

   Illinois

5. District Court and Division in which venue would be proper absent direct filing

   United States District Court for the Northern District of Illinois

6. Defendant (Check Defendant against whom Complaint is made):

   ☒   A. American Medical Systems, Inc. ("AMS")

   ☐   B. American Medical Systems Holdings, Inc. ("AMS Holdings")

   ☐   C. Endo Pharmaceuticals, Inc.

Revised: 1/4/13

☐    D.  Endo Health Solutions Inc. (f/k/a Endo Pharmaceuticals Holdings, Inc.)

☐    E.  Ethicon, Inc.

☐    F.  Ethicon, LLC

☐    G.  Johnson & Johnson

☐    H.  Boston Scientific Corporation

☐    I.  C. R. Bard, Inc. ("Bard")

☐    J.  Sofradim Production SAS ("Sofradim")

☐    K.  Tissue Science Laboratories Limited ("TSL")

☐    L.  Mentor Worldwide LLC

☐    M.  Coloplast A/S

☐    N.  Coloplast Corp.

☐    O.  Coloplast Manufacturing US, LLC

☐    P.  Porges S.A.

7.  Basis of Jurisdiction

☒    Diversity of Citizenship

☐    Other:_____

A.  Paragraphs in Master Complaint upon which venue and jurisdiction lie:

Federal subject matter jurisdiction in the constituent actions is based upon U.S.C. §

1332(a), in that in each of the constituent actions there is complete diversity among

Plaintiffs and Defendant and the amount in controversy exceeds $75, 000.

Defendant has significant contacts with the federal judicial district identified in the

First Amended Short Form Complaint such that it is subject to the personal jurisdiction of

the court in said district.

2

A substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in the federal judicial district identified in the First Amended Short Form Complaint.  Pursuant to 28 U.S.C. § 1391(a), venue is proper in said district.

B.  Other allegations of jurisdiction and venue

Defendant has transacted business within the State of Illinois and this Court has personal jurisdiction over Defendant under the Illinois Long-Arm Statute, 735 Ill. Comp. Stat. 5/2-209 (2013).

Defendant has committed a tortious injury in the State of Illinois caused by its acts and/or omissions outside of this State and it is subject to jurisdiction in this Court under the Illinois Long-Arm Statute by virtue of its regular conduct and solicitation of business in this State, its continued derivation of substantial revenue from goods used or consumed in Illinois, and based on its otherwise persistent course of conduct in Illinois.

Defendant has purposefully and systematically committed acts and consummated transactions in the State of Illinois from which it has derived and continues to derive substantial revenues, and it has otherwise committed purposeful actions in the State of Illinois which should have led it to reasonably anticipate being haled into court in Illinois.  Jurisdiction is proper in this Court with respect to Defendant.

8.  Defendant' products implanted in Plaintiff  (Check products implanted in Plaintiff)

- [ ]  A. Apogee;
- [ ]  B. Perigee;
- [ ]  C. MiniArc Sling;
- [ ]  D. Monarc Subfascial Hammock;
- [x]  E. SPARC;
- [ ]  F. In-Fast;

☐ G. BioArc;

☐ H. Elevate;

☐ I. Straight-In;

☐ J.  Other

_____

_____

9. Defendant' Products about which Plaintiff is making a claim.  (Check applicable products)

☐ A. Apogee;

☐ B. Perigee;

☐ C. MiniArc Sling;

☐ D. Monarc Subfascial Hammock;

☒ E. SPARC;

☐ F. In-Fast;

☐ G. BioArc;

☐ H.  Elevate;

☐ I. Straight-In;

☐ J.  Other;

_____

_____

10. Date of Implantation as to Each Product

On or about December 6, 2010_____

11. Hospital(s) where Plaintiff was implanted (including City and State)

Advocate Lutheran General Hospital in Park Ridge, Illinois

12. Implanting Surgeon(s)

Robert Kaplinsky, M.D._____

4

_____

13. Counts in the Master Complaint brought by Plaintiff(s)

☒    Count I - Negligence

☒    Count II – Strict Liability – Design Defect

☒    Count III – Strict Liability – Manufacturing Defect

☒    Count IV – Strict Liability – Failure to Warn

☒    Count V -  Strict Liability – Defective Product

☒    Count VI - Breach of Express Warranty

☒    Count VII – Breach of Implied Warranty

☒    Count VIII – Fraudulent Concealment

☒    Count IX –   Constructive Fraud

☒    Count X - Discovery Rule, Tolling and Fraudulent Concealment

☒    Count XI – Negligent Misrepresentation

☒    Count XII – Negligent Infliction of Emotional Distress

☒    Count XIII – Violation of Consumer Protection Laws

☒    Count XIV – Gross Negligence

☒    Count XV -   Unjust Enrichment

☒    Count XVI - (By the Spouse) – Loss of Consortium

☒    Count XVII – Punitive Damages

☐    Other _____ (please state the facts supporting this Count in the
space, immediately below)

☐    Other _____(please state the facts supporting this Count in the
space, immediately below)

_____
_____

Respectfully submitted,


     /s/Stephen D. Phillips
      /s/Elise A. Waisbren

Attorneys for Plaintiff

Stephen D. Phillips
Illinois Bar No. 6189372
sphillips@phillipslegal.com
Terrence M. Quinn
Illinois Bar No. 6275734
Tquinn@phillipslegal.com
Elise A. Waisbren
Illinois Bar No. 6307256
ewaisbren@phillipslegal.com
PHILLIPS LAW OFFICES
161 N. Clark Street, Suite 4925
Chicago, Illinois 60601
(312) 346-4262

Address and bar information:

_____

Attorneys for Plaintiff

_____

_____

_____

_____